

——————————

## Case No. 13-40128

——————————

# United States Court of Appeals
### for the
# Fifth Circuit


**DAVID E. MACK,**

*Plaintiff – Appellant*

**v.**

**EQUABLE ASCENT FINANCIAL, L.L.C.,**
**Successor in interest to: HILCO RECEIVABLES, L.L.C.**
*Defendant – Appellee*

———————————————

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS, SHERMAN DIVISION

## BRIEF FOR PLAINTIFF - APPELLANT

David E. Mack Pro Se
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642

No. 13-40128

---

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

DAVID E. MACK

*Plaintiff-Appellant,*

v.

EQUABLE ASCENT FINANCIAL, LLC

*Defendant-Appellee.*

---

Appeal from the United States District Court
for the Eastern District of Texas, Sherman Division
D. C. Docket No. 3:11-cv-00793-DDB

---

## BRIEF OF APPELLANT,
## DAVID E. MACK

---

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642

## CERTIFCATE OF INTERESTED PERSONS

The undersigned Plaintiff certifies that the following listed persons have an interest in the outcome of this case. These representations are made in order that the Judges of this Court may evaluate possible disqualification or recusal.

A.    Parties:
      Plaintiff-Appellant          David E. Mack
      Defendant-Appellee        Equable Ascent Financial, LLC

B.    Attorneys:
      For Plaintiff-Appellant     David E. Mack Pro Se
                                  7720 McCallum Blvd. #2099
                                  Dallas, Texas 75252

      For Defendant-Appellee
      William Keith Wier

                                  Bush & Ramirez, LLC
                                  5615 Kirby Drive
                                  Suite 900
                                  Houston, Texas 77005

## **STATEMENT REGARDING ORAL ARGUMENT**

The major issue in this appeal involves the District Court's misapplication of the statute of limitations of 15 U.S.C. § 1681p as amended by FACTA and its grant of summary judgment to the Defendant as a result of that misapplication. Its decision granting summary judgment is in direct contradiction to the existing plain language of the statute of limitations of the FCRA as amended by FACTA in 2003. Appellant David Mack believes the plain language of the statute and his stated arguments are persuasive and sufficient and oral argument is not necessary.

# **TABLE OF CONTENTS**

CERTIFICATE OF INTERESTED PERSONS..............................................ii

STATEMENT REGARDING ORAL ARGUMENT................................iii

TABLE OF CONTENTS......................................................................iv

INDEX OF AUTHORITIES..................................................................v

STATEMENT OF JURISDICTION....................................................1

STATEMENT OF ISSUES..................................................................1

STATEMENT OF THE CASE............................................................2

STATEMENT OF FACTS

       I.      Acquisition of Trans Union credit report by Mack.................4

       II.     Passage of FACTA and resultant changes to the FCRA..........5

       III.    Mack's study of the FCRA and discovery of the violation.......8

       IV.    Analysis and Ruling by the District Court............................10

SUMMARY OF ARGUMENT............................................................14

ARGUMENT AND AUTHORITIES....................................................15

I.     The District Court Committed Reversible Error by Failing to
      Follow the Plain Language of the FCRA as Amended by FACTA.........15

II.    The District Court Committed Reversible Error by Failing to Liberally
      Construe the Amended FCRA Statute of Limitations Language............18

CONCLUSION.................................................................................19

CERTIFICATE OF COMPLIANCE...................................................21

CERTIFICATE OF SERVICE………………………………………………..22

# INDEX OF AUTHORITIES

*Anderson v. Liberty Lobby Inc.,*
   477 U.S. 242 (1986)...............................................................17

*Bittick v. Experian Info. Solutions, Inc.,*
   419 F.Supp.2d  917,918-919 (N.D. Tex. 2006)...............................12, 17

*Cody v. Community Loan Corp. of Richmond Cty.*
   606 F.2d 499 (1979)...........................................................18

*Hillman v. Loga,*
   697 F.3d 299, 302 (5th Cir. 2012)............................................15

*Hyde v. Hibernia Nat. Bank in Jefferson Parish,*
   861 F.2d 446, 446-447 (5th Cir. 1988)....................................11, 17

*McGowan V. King, Inc.,*
   569 F.2d 845, 848 (5 Cir. 1978)..............................................19

*Moskal* v. *United States,*
   498 U.S. 103, 109-111 (1990)................................................17

*Reiter* v. *Sonotone Corp.,*
   442 U.S. 330, 339 (1979)....................................................17

*Sellers v. Wollman,*
   510 F.2d 119, 122 (5 Cir. 1975)..............................................19

*Stone v. INS,*
   514 U.S. 386, 397 (1995)....................................................17

*Stults v. Conoco, Inc.,*
   76 F.3d 651, 654 (5th Cir. 1996)...........................................15

*Watt v. Alaska,*
   451 U.S. 259, 266 (1981)....................................................17

## STATUTES AND RULES

15 U.S.C. § 1681 ...............................................................1, 6, 11, 18

15 U.S.C. § 1681 (1970).......................................................................5

28 U.S.C. § 1291 .........................................................,................1

FDCPA.........................................................................................18

Fair and Accurate Credit Transactions Act
of 2003 (FACT Act) (Public Law 108-159)..........................................5

Fed. R. Civ. P. 56(a)...........................................................................15

15 U.S.C. 15 U.S.C. § 1601et seq...........................................................15

## REFERENCES

Black's Law Dictionary 4th Edition..............................................15, 18

oxforddictionaries.com.................................................................15, 18

## STATEMENT OF JURISDICTION

Mack appeals a summary judgment from the United States District Court for the Eastern District of Texas, Sherman Division. This court has jurisdiction pursuant to Title 28 U.S.C. § 1291.

## STATEMENT OF ISSUES

1.   Did the District Court commit reversible error by failing to follow the plain meaning of the language of the FCRA as amended by FACTA in making a determination that Plaintiff's case was time-barred?

2.   Did the District Court commit reversible error by failing to liberally construe the FCRA statute of limitations language as amended by FACTA?

## STATEMENT OF THE CASE

Plaintiff obtained his Trans Union credit report through annualcreditreport.com on May 7, 2009. In late April 2011 the Plaintiff began a diligent study of the FCRA, 15 U.S.C. § 1681 *et seq.* that continues to date. In May 2011, after extensive study of the statute and specifically including the language relating to what constitutes a permissible purpose for a person to obtain the credit file of a consumer, the Plaintiff discovered that based on the language of the statute the Defendant had obtained his credit report in February 2009 without a permissible purpose.

1

On May 12, 2011 the Plaintiff sent a Notice of Intent to Sue to the Defendant and thereafter engaged in email correspondence with the Defendant where he was informed that Equable Ascent Financial, LLC was the successor in interest to Hilco Receivables, LLC (Dkt. 26-1 ¶4). Plaintiff attempted to reach a settlement of the matter at that time to no avail.

On December 2, 2011 Plaintiff filed a Complaint seeking damages from the Defendant for violation of the Fair Credit Reporting Act for obtaining his credit report without a permissible purpose alleging he had discovered the violation in May 2011 (Dkt. 1 ¶11). Service of process was made on the Defendant on December 6, 2011. Defendant filed a motion to dismiss on December 29, 2011 (Dkt. 6) which was denied by the Court on February 9, 2012 (Dkt. 14). Defendant then filed an answer to the Complaint on July 17, 2012 (Dkt. 22). Defendant filed its First Amended Answer on September 21, 2012 (Dkt. 23). During this time both parties propounded discovery on the opposing party which was answered by both parties.

On October 2, 2012 the Defendant filed a Motion for Summary Judgment (Dkt. 24) citing three elements on which summary judgment was sought;

    a. that Plaintiff's suit is not timely filed.

    b. that Defendant had a permissible purpose for obtaining Plaintiff's credit report; the valuation, or an assessment of the credit or

2

prepayment risks associated with an existing credit obligation
when considering his account for purchase.

c. that no information was disseminated to any person or entity other
than Plaintiff that his credit report had been obtained by Defendant
and Plaintiff could not therefore have sustained actual damages as
the result of any act alleged.

The Defendant falsely stated in its motion that the Plaintiff's answers to discovery provided as summary judgment evidence identified that he discovered the violation on May 7, 2009 (Dkt. 24-2 at 2-3). Factually, Plaintiff had always stated that he made the discovery of the violation in May 2011 and never made any such statement in his answers to discovery.

Plaintiff filed his memorandum in opposition to the motion for summary judgment on October 22, 2012 (Dkt. 26) that included the affidavit of David E. Mack (Dkt. 26-1) in which he stated that he did not discover the violation that is the basis of this case until May 2011. The Defendant did not provide any rebuttal verified evidence to contradict the statements in the Mack affidavit.

The District Court granted Defendant's Motion for Summary Judgment on January 17, 2013 finding there was not an absence of a genuine issue of material fact as to elements (b) and (c) above but made a finding that as to element (a), the suit was not timely filed and was barred by the statute of limitations (Dkt. 37).

3

Plaintiff timely filed a notice of appeal from the District Court's ruling on January 28, 2013 (Dkt. 39).

## STATEMENT OF FACTS

The Plaintiff began a diligent study of the FCRA in late April 2011at the urging of a friend who had discovered that the debt collection industry was accessing consumer's credit reports in many instances without a permissible purpose. The Plaintiff began an overall study of the statute in its entirety but with special focus on who could legally access the credit report of a consumer. Not being used to reading statutes it took some time for the Plaintiff to read, comprehend, and retain the voluminous statute to gain a full understanding of the language and meanings therein. It was in early May 2011 that the Plaintiff became sufficiently knowledgeable of the meaning of the language of the statute to determine that Hilco did not have a permissible purpose to have obtained his credit report.

## I.   Acquisition of Trans Union Credit Report by Mack.

On May 7, 2009 Mack acquired his Trans Union credit report from annualcreditreport.com to see what accounts were listed on his report. As a typical least sophisticated consumer he reviewed the report noting what accounts were shown on the report and the status of those accounts. He also observed there were

4

multiple entities that had obtained his credit report many of which had accounts listed on the report. Plaintiff did not know who Hilco was and there was no indication of the information being associated with any account that was shown on his Trans Union credit report. Mack also observed that Trans Union stated in the section where it showed who had obtained the credit reports that "These inquiries are not displayed to anyone but you and will not affect any creditor's decision or any score....." leading Mack to believe the information there regarding Hilco was innocuous.

There was no information that was misrepresented or incorrect relating to Hilco where Mack could have "discovered" a violation without having first acquired specific knowledge of the statute relating to permissible purpose to obtain a report. Additionally, there was no information concerning Hilco in either of the other credit reports obtained by Mack at the same time.

Mack did not know who Hilco was and there was no indication of the information being associated with any account that was shown on his Trans Union credit report and he had never engaged in any business with Hilco.

## II.    Passage of FACTA and the Resultant Changes to the FCRA.

The FCRA was amended by the Fair and Accurate Credit Transactions Act of 2003 (FACT Act) (Public Law 108-159), FACTA in 2003 in a number of ways including very specific changes in the language relating to the statute of

limitations. The FCRA statute of limitations language **prior** to the 2003

amendment provided that claims had to be brought within two years of the date on

which the liability arises and reads in full:

> "An action to enforce any liability created under this subchapter may
>
> be brought in any appropriate United States district court without
>
> regard to the amount in controversy or in any other court of competent
>
> jurisdiction, within two years from the date on which liability arises,
>
> except that where a defendant has materially and willfully
>
> misrepresented any information required under the subchapter to be
>
> disclosed to an individual and the information so misrepresented is
>
> material to the establishment of the defendant's liability to that
>
> individual under this subchapter, the action may be brought at any
>
> time within two years after discovery by the individual of the
>
> misrepresentation." 15 U.S.C. § 1681p (1970).

The statute of limitations language prior to the FACTA amendment is

demonstrably different than the language after the 2003 amendment. In 2003, the

FCRA was amended to contain the following statute of limitations language in 15

U.S.C. § 1681p:

> An action to enforce any liability created under this subchapter may
> be brought in any appropriate United States district court, without

regard to the amount in controversy, or in any other court of
competent jurisdiction, not later than the earlier of –

> (1)    2 years after the date of discovery by the plaintiff of the
> violation that is the basis for such liability; or
> (2)    5 years after the date on which the violation that is the
> basis for such liability occurs.

It is important to note that the limitations language **post** FACTA turns on

**discovery** of a "violation" rather than a misrepresentation as in the pre FACTA

language.  It does not operate simply on a time factor where claims have to be

brought within two years from the date on which the liability arises in cases other

than when there was a material and willful misrepresentation as the statute read

prior to the 2003 amendment.

Congress made a dramatic change in the language from "...*after discovery*

*by the individual of the misrepresentation*" to "2 years after the *date of discovery*

*by the plaintiff of the violation* that is the basis for such liability."  The amended

language recognizes there can be violations of the Act other than by

"misrepresentation," such as in this case.  It also expanded the period in which an

action may be brought from two years to five years after the date the violation

occurs.  The pre-amendment language limited the time to two years after any

violation occurred unless the violation was a material and willful

misrepresentation.  Common sense would dictate that Congress' intent in

7

expanding the period in which a consumer could bring an action for liability to "*five years after the date of the violation*" anticipated violations being discovered more than two years after they occurred and their intent that the consumer should be able to bring an action as a result of the violation but within a limitation of five years. If that was not the case, such a change in language would have been unnecessary.

Most consumers do not obtain their credit reports unless there is a denial of credit or some other incident occurs such as identity theft and therefore a consumer might not discover a violation until several years after its occurrence. Time does not absolve a violator of the statute of their liability but Congress obviously put a longer limit of five years in place for any claim to be made from the time the violation occurred in the spirit of giving more protection to the consumer. It would seem apparent that Congress recognized the need to broaden the time in which a consumer could bring an action for violations that occurred more than two years prior to them obtaining a credit report.

III.    **Mack's Study of the FCRA and Discovery of the Violation**

It would have been necessary for Mack's study of the extensive language in the FCRA to have occurred **prior** to his acquisition of his credit report in 2009 for him to have been able to identify **any** permissible purpose violations in regard to the data contained in it, which is contrary to the District Court's ruling. As a

8

typical American, a least sophisticated consumer, Mack had not studied or even been aware of the consumer protection statutes in 2009 and could not have been reasonably expected to be. When Mack became aware of the statutes at a later date he took it upon himself to become more knowledgeable of the FCRA and as a result of determined perseverance and diligent study, "discovered" the violation in May 2011 as stated in his affidavit (Dkt. 26-1 ¶3).

As the result of a substantial amount of study over a period of several weeks and discussion with others who were also studying consumer protection statutes, more specifically the FCRA, Mack discovered that Hilco had obtained his Trans Union credit report without a permissible purpose which was a violation of the FCRA. There is no "magic moment" that can be pinpointed to definitively start the clock on the statute of limitations regarding Hilco's acquisition of Mack's credit report beyond the thirty one day window of May 2011. As with learning almost any complex information, there comes a point where a person realizes they have acquired certain knowledge that allows them to reach a conclusion. The precise time they come to the realization in most cases is not noted on a calendar for future reference but is instead stored in memory in relation to the timeframe of other events having taken place in or very near the same period. Mack clearly stated in his Complaint, and again in his affidavit as summary judgment evidence, that he discovered the violation in May 2011. To state that he discovered the

violation on a specific date in May 2011would have been disingenuous and

untruthful yet Mack stated as clearly as was reasonably possible when the

discovery was made. The date was stated to be May 2011 which is a relatively

narrow and well defined period of time in the span of a two year window to be met

under the statute to bring an action. Mack also stated in his affidavit, with candor,

exactly what the circumstances were that led to the time of discovery of the

violation. Mack stated in his affidavit that he took immediate steps after the

discovery of the violation to mitigate damages by contacting Hilco. The Defendant

did not rebut that statement by their own affidavit or indicate their disagreement

with it in any other form.

## IV.    Analysis and Ruling by the District Court

The District Court found in its analysis that there was not a lack of issues of

material fact in regard to both elements of whether the Defendant had permissible

purpose and that soft credit report inquiries do not affect your credit score and

therefore denied summary judgment on those grounds (Dkt. 37 pg 4-6).

As to the statute of limitations element, the District Court in looking at the

summary judgment evidence of the Defendant, which included answers to

discovery by Mack, correctly made the finding that Mack received his Trans Union

credit report in May 2009. The Court also took note that Mack claimed he did not

discover "the violation that is the basis for [Defendant's] liability" under the statute until April 2011 (Dkt. 37 pg 6-8).

The District Court, in its analysis, stated that there was no Fifth Circuit authority construing the 2003 amendment of 15 U.S.C. §1681p(1) (Dkt. 37 pg 8). The Court then looked to pre-2003 authority for guidance citing *Hyde v. Hibernia Nat. Bank in Jefferson Parish*, 861 F.2d 446, 446-447 (5th Cir. 1988) and stated "… the Fifth Circuit has previously interpreted the statutory phrase 'within two years after discovery by the individual of the misrepresentation' to mean when a consumer 'becomes aware of the issuance of the [credit] report' which causes injury."

The facts in *Hyde* are black and white different than the facts in this case.  In *Hyde* the issue was about account information that was present in the credit report that was identified as a misrepresentation at the time the report was obtained by *Hyde*.  In this case there was no information in the report relating to Hilco other than the notation that it had obtained Mack's credit report in February 2009 which was correct.  There was no misrepresentation of any information in Mack's report. The *Hyde* case and the issues therein is simply not analogous to this case in any manner.  Without thorough knowledge of the FCRA and what **could** constitute a violation under the Act at the time he obtained his report, Mack could not have "discovered" a violation at that time.  The information available to Mack at that

11

time was nothing more than knowledge that some unknown entity had obtained his credit report.

The District Court further stated "Although this authority is distinguishable from the facts in this case on various grounds, the fact remains that the date Plaintiff became aware of a credit report is a tangible date and the date he engaged in substantial study and research such that he had a sufficient understanding of the violation is not" (Dkt. 37 pg 8).

The District Court appears to disregard Mack's sworn, and un-rebutted, statement of the date of discovery in his affidavit to be in a specific month relative to a two year statute of limitations period simply because he did not explicitly state an exact day in that month when he had what might be referred to as the "aha moment" of full understanding of that part of the statute so he could "discover" the violation.

The District Court again cites a case in support of its decision to grant summary judgment where the issues are not at all analogous to the case before the Court. In citing *Bittick v. Experian Info. Solutions, Inc.*, 419 F.Supp.2d 917,918-919 (N.D. Tex. 2006) the District Court stated "At least one Texas District Court has rejected a statutory construction of the 2003 amendment which 'would allow plaintiffs to indefinitely extend the limitations period.'" In *Bittick* the issue was once again reporting of incorrect information on a report that she first discovered

12

on May 11, 2001 yet she did not file suit until over four years later on June 27, 2005.

In both cases cited by the District Court in support of its decision the issue was misrepresentation in a credit report and in both cases the plaintiffs had discovered the inaccurate information (violation) and did not file their complaint within two years of the date they discovered the violation. This case turns on the discovery of a violation where the suit was filed seven months after discovery of the violation.

The court's interpretations of the statutory language of the FCRA were at least partially responsible for Congress' decision to enact the FACTA amendment in 2003. Had there been no reason or clear need for clarification of the language regarding the definition of the precise commencement of the statute of limitations, it is safe to assume Congress would not have done so.

Just as it would be unreasonable for a consumer to distinguish the difference between a diamond and a cubic zirconia without a jeweler's knowledge, it is equally unreasonable to expect an uninformed and least sophisticated consumer to recognize a violation of the statute within printed data on a credit report without prior knowledge of the law. Especially, when said data does not contain any obvious misrepresentations.

13

## SUMMARY OF THE ARGUMENT

The District Court committed reversible error by granting summary judgment to the Defendant on the grounds that Plaintiff's suit was time barred when the facts show that the Plaintiff's suit was filed within the applicable statute of limitations of the FCRA as amended by FACTA. In the District Court's analysis of the evidence presented in argument both for and against summary judgment on the element of statute of limitations the Court appears to completely disregard any possibility that the Plaintiff could have discovered a violation at some time after the date on which he received his credit report. Instead, the Court seemed to be content to revert back to old language in the pre-amendment statute that refers to the date of discovery of *misrepresentations* which is not analogous in any manner to the case before the Court.

In granting summary judgment for dismissal on statute of limitations grounds the District Court erred in three ways, each of which require reversal.

*First*. The District Court committed reversible error by failing to follow the plain language of the FCRA as amended by FACTA.

*Second*. The District Court committed reversible error by failing to liberally construe the FCRA as a consumer protection statute and thereby undermining the intent of Congress to give the consumer statutes a liberal interpretation.

14

## STANDARD OF REVIEW

A ruling on summary judgment is a matter of law and is reviewed de novo. "We review a district court's grant of summary judgment *de novo*, applying the same standard as did the district court." *Stults v. Conoco, Inc.,* 76 F.3d 651, 654 (5th Cir. 1996).   We review a district court's grant of summary judgment de novo, applying the same standard as the district court. *Hillman v. Loga*, 697 F.3d 299, 302 (5th Cir. 2012).  Summary judgment is appropriate if the record shows that "there is no genuine issue as to any material fact." Fed. R. Civ. P. 56(a).

## ARGUMENT

**I.      The District Court committed Reversible Error by Failing to Follow the Plain Language of the FCRA as Amended by FACTA.**

15 U.S.C. § 1681p(1) clearly states: "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability."  It would appear that the Court had a rather difficult time construing the meaning of the word "discovery."

According to Black's Law Dictionary 4th Edition the definition of *discovery* is:

> "To get first sight or knowledge of; to get knowledge of what has existed but has not theretofore been known to the discoverer."

According to oxforddictionaries.com the definition of *discovery* is:

> "the action or process of discovering or being discovered"

15

Mack obtained his credit report on May 7, 2009 to ascertain what accounts were listed in his credit file. Mack like most Americans was a least sophisticated consumer and looked over the information provided in the report including the various accounts shown. Although the information was present in the report indicating that Hilco had obtained his credit file, Mack had no knowledge at that time that a company, by law, had to have a permissible purpose to obtain his credit information.

Mack was further misled by the furnisher of the report when it stated that the account inquiries, including the one by Hilco, do not affect the consumer. Mack was not aware that statutes dictated under what circumstances a person may legally obtain the credit report of a consumer until he undertook a diligent study of the Fair Credit Reporting Act commencing in late April 2011. Mack admits he had the information that Hilco had obtained his credit report when he received the report on May 7, 2009. He, however, had no knowledge that Hilco's actions **could** be, or **were**, a violation of the FCRA until after commencing his study of the FCRA in late April.

Unless and until the consumer has been enlightened and educated on the particular statute, his ability to recognize a violation is non-existent. It was only after his diligent study of the FCRA that he *discovered* that Hilco's actions were, in fact, a violation (Dkt. 26 ¶12). Mack stated in his response to summary judgment

16

that there was no account or other information shown on the report that related to Hilco which could have given Mack reason to believe there was any information that was incorrect or misrepresented that related to Hilco (Dkt. 26 ¶39). The District Court ignored the plain language of 15 U.S.C. § 1681p(1) and instead referred to *Hyde* and *Bittick* where both cases dealt with issues completely different and not related to the case before the Court.

The District Court improperly applied the pre-2003 language and authority in granting summary judgment when it was obvious that Congress had substantially amended the language as to how the limitations period was to be construed. *Stone v. INS*, 514 U.S. 386, 397 (1995) "When Congress acts to amend a statute, we presume it intends its amendment to have real and substantial effect" See *Reiter v. Sonotone Corp.*, 442 U.S. 330, 339 (1979) (Court must construe statute to give effect, if possible, to every provision); *Moskal* v. *United States*, 498 U.S. 103, 109-111 (1990) (same). *Watt v. Alaska,* 451 U.S. 259, 266 (1981) "The starting point in every case involving construction of a statute is the language itself. But ascertainment of the meaning apparent on the face of a single statute need not end the inquiry. This is because the plain-meaning rule is rather an axiom of experience than a rule of law, and does not preclude consideration of persuasive evidence if it exists." (internal quotation marks and citations omitted).

17

The District Court failed to follow the plain meaning of the language in the statute in granting summary judgment and its decision should be reversed.

## II. The District Court Committed Reversible Error by Failing to Liberally Construe the Amended FCRA Statute of Limitations Language.

The Court stated in its analysis that there was no Fifth Circuit authority construing the 2003 amendment of 15 U.S.C. § 1681p(1) yet failed to construe the language in any type of liberal context and instead actually construed it overly conservatively. Given the definitions of the word *discovery* in both Black's Law Dictionary 4th Edition of: "To get first sight or knowledge of; to get knowledge of what has existed but has not theretofore been known to the discoverer." and oxforddictionaries.com of: "the action or process of discovering or being discovered" it is clear that the Plaintiff's statements as to his date of discovery are more than plausible. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986) "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. At the summary judgment stage, the **trial judge's function is not himself to weigh the evidence** and determine the truth of the matter but to determine whether there is a genuine issue for trial" (emphasis added). Congress has passed numerous remedial consumer protection statutes including TILA, TIL, FDCPA and the FCRA with the obvious intent on protecting consumers from unscrupulous individuals. *Cody v. Community Loan Corp. of Richmond Cty.* 606

18

F.2d 499 (1979) "....we have stressed that TIL is a remedial statute that is to be liberally construed in favor of the consumer. *Sellers v. Wollman*, 510 F.2d 119, 122 (5 Cir. 1975); see also *McGowan V. King, Inc.,* 569 F.2d 845, 848 (5 Cir. 1978)." The Plaintiff in this case has never looked for more than the protections of his consumer rights as to his privacy and remedy for the unauthorized dissemination of his private credit information. The District Court failed to protect the Plaintiff by failing to give a reasonable, if not more liberal interpretation of the FCRA. The decision by the District Court should be reversed.

## CONCLUSION

There is indeed a dearth of case law in the Fifth Circuit relating to the statute of limitations issue in FCRA cases especially since the FACTA amendments in 2003. The lack of case law does not give the District Court the leeway to ignore the updated and substantially changed plain language of the statute, misconstrue the un-rebutted facts presented as evidence, and grant summary judgment to deny the Plaintiff his right to testify before the trier of fact as to all evidence surrounding his claim for damages. In this case there is no person other than the Plaintiff who can testify to the facts surrounding his discovery of the violation alleged in his case and that is the sole issue before this tribunal. Summary judgment is only appropriate where there is no chance a jury would find in the plaintiff's favor which is not the case here.

19

To short circuit the judicial process through summary judgment and prevent the Plaintiff from testifying before the trier of fact to all details surrounding discovery of the violation is to deny him justice and is improper. There most certainly is a genuine issue of material fact as to the statute of limitations and summary judgment should be reversed.

## CERTIFICATE OF COMPLIANCE WITH FIFTH CIRCUIT RULES
## 25 AND 32(a)

1.    This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because the brief contains 5303 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.    This brief complies with the typeface and type style requirements of Fed. R. App. 32(a)(5)-(6) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word 2007 word processing software in Times New Roman typeface, 14-point.

Dated June 20, 2013

Respectfully Submitted,

David E. Mack
7720 McCallum Blvd. #2099
Dallas, Texas 75252
972-735-9642

21

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing BRIEF OF APPELLANT has been filed in the office of the Clerk for the United States Court of Appeals for the Fifth Circuit, and a true and correct copy of the same has been provided to counsel listed below in the manner indicated on this _20th_ day of June, 2013.

David E. Mack

**Via Certified Mail - R.R.R.**
Bush & Ramirez, LLC
William Keith Wier
5615 Kirby Drive
Suite 900
Houston, Texas 77005

22